STATE OF CONNECTICUT *v.* JOSEPH F. PARLAPIANO

REVIEW DIVISION OF THE SUPERIOR COURT

Decided January 26, 1965

*Joseph J. Fauliso,* of Hartford, for the defendant.

*Harry W. Hultgren, Jr.,* assistant state's attorney, for the state.

BY THE DIVISION. On April 23, 1964, the defendant, who was then twenty-two years of age, was presented in the Superior Court in Hartford County on a thirteen-count information, of which eleven counts charged breaking and entering with criminal intent, in violation of § 53-76 of the General Statutes, and two counts charged larceny exceeding $250 but not exceeding $2000, in violation of § 53-63, as amended. He pleaded guilty to four counts of breaking and entering and to both counts of larceny contained in the information. The seven remaining counts for breaking and entering were nolled. He was also presented on a two-count information transferred from Middlesex County, of which one count charged breaking and entering with criminal intent, and the other charged larceny exceeding $15 but not exceeding $250, to both of which he pleaded guilty. The crimes to which he pleaded guilty were punishable under the statutes by aggregate maximum prison sentences totaling thirty years, a jail sentence of six months, and fines aggregating $1200.

The court sentenced the defendant to not less than two nor more than three years on the count of breaking and entering with criminal intent of the Hartford County information and to one year each on

the remaining five counts of that information, so that the effective sentence thereon was not less than two years nor more than eight years. The court also sentenced the defendant to not less than one nor more than two years on the breaking and entering count of the Middlesex County information and to one year on the larceny count of that information, so that the effective sentence thereon was not less than one year nor more than three years. The effective sentences on the two informations were ordered to be served concurrently.

The sentence of one year in state's prison as imposed on the second count was excessive in that the information in this connection charged larceny exceeding but $15 and less than $250. The pertinent statutory provision, § 53-63 as amended, provides for a penalty of a fine of not more than $200 or imprisonment for not more than six months, or both, for the crime charged. The sentence as imposed was thus improper.

On December 27, 1963, the defendant broke into a restaurant in Middletown and stole money therein. On January 5, January 14, January 28, January 30, January 31, February 5, February 9, February 10, and February 11, 1964, the defendant and others were responsible for a series of eleven violations of the breaking and entering statute in Hartford county. Each time, they stole whatever they found of value. In one case, a safe was taken out of a store. It was later found open in a brook. On another occasion they attempted unsuccessfully to open another safe. One place was broken into on two occasions.

The defendant's prior record is a relatively minor one. In 1958, he was arrested in New York City for automobile theft but was not indicted by the grand jury. In 1960, he was in difficulties in El Paso,

Texas, in connection with an automobile theft and being AWOL while in military service, and was turned over to the military police. In 1962, in Hartford, he was found not guilty of breach of the peace, and in 1963, in Windsor a breach of the peace charge was nolled.

On twelve separate occasions in a period of seven weeks this defendant broke and entered into places of business and stole therein. The number and serious nature of the offenses committed far outweigh any consideration to which the defendant may have been entitled because of his lack of a serious record previous to these offenses. We are of the opinion that the sentences imposed were fair and just, and should stand, except that the sentence on the second count of the Middlesex County information must be modified by reason of its illegality.

It is hereby ordered that the sentence imposed upon the Middlesex County information be modified, and that he be resentenced by the Superior Court in Hartford County upon the Middlesex County information to a term of not less than one year and not more than two years on the first count, and six months in jail on the second count, the execution of such jail sentence to be suspended. The sentence on the first count of the Middlesex County information is to run concurrently with the valid effective sentence of two to eight years on the Hartford County information.

BOGDANSKI, MEYERS and PALMER, Js., participated in this decision.